# Application of the Privacy Act to the Personnel Records of Employees in the Copyright Office

The Copyright Office is in the legislative branch, and is not an "agency" within the coverage of the Privacy Act.

It is constitutionally permissible for an officer of the legislative branch, such as the Register of Copyrights, to perform executive functions, as long as the officer is appointed in accordance with the Appointments Clause.

The personnel records of the Copyright Office are not subject to the Privacy Act by virtue of 17 U.S.C. § 701(d), because personnel actions taken by the Register of Copyrights are an incident of the personnel administration of the Library of Congress.

May 8, 1980

## MEMORANDUM OPINION FOR THE GENERAL COUNSEL, OFFICE OF MANAGEMENT AND BUDGET

This responds to your inquiry requesting our opinion whether personnel records maintained by the Copyright Office are subject to the Privacy Act, 5 U.S.C. § 552a. The matter arises out of a denial by the Copyright Office of a request by a former employee for permission to have access to his personnel records, on the ground that its personnel records are not subject to the Privacy Act. The Office concluded that while 17 U.S.C. § 701(d) makes the actions of the Register of Copyrights in administering the Copyright Act subject to the Administrative Procedure Act, which includes the Privacy Act, the personnel records of the employees of the Copyright Office are not maintained in connection with the administration of the Copyright Act, but as an incident of the personnel administration of the Library of Congress which, being a legislative agency, is not subject to the Privacy Act. The denial was brought to the attention of your Office, which, under § 6 of the Privacy Act, 5 U.S.C. § 552a note, is charged with providing assistance to and oversight of implementation of the Act by agencies.

The questions at issue are whether the Privacy Act covers the Copyright Office, and if not, whether the Office is subject to that act by virtue of the provisions of the Copyright Act. The Privacy Act provides, with exceptions not pertinent here, for access by an individual to his own records in an "agency." 5 U.S.C. § 552a(d).

# I.

In order to determine whether the Copyright Office is an agency covered by the Privacy Act we turn to the definition of that term in the Act, 5 U.S.C. § 552a(a)(1). It provides that "the term 'agency' means agency as defined in section 552(e) of this title." That definition reads as follows:

> (e) For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

Section 552(e) thus limits the coverage of the Privacy Act to agencies as defined in § 551(1). That section expressly exempts Congress from the term "agency." [1] This exception has been interpreted as not being limited to Congress itself but as including the various agencies in the legislative branch of the federal government.

The question therefore is to ascertain whether the Copyright Office is an agency in the legislative branch. Before this can be done it is first necessary to outline the genesis of the agency and the organizational status of the Copyright Office.

The administration of the copyright laws was transferred to the Library of Congress by § 85 of the Act of July 8, 1870, 16 Stat. 212. Beginning in the 1880's, a copyright office was administratively established in the Library of Congress. [2] This action received recognition in appropriations acts which, beginning with the Act of February 19, 1897, 29 Stat. 538, 544, 545, made appropriations for a copyright department or copyright office "under the direction of the Librarian of Congress," and provided for the compensation of a register of copy-

---

[1] Section 551(1), referred to in § 552(e), reads:

For the purpose of this subchapter—(1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

(A) the Congress;

(B) the courts of the United States;

(C) the governments of the territories or possessions of the United States;

(D) the government of the District of Columbia; or except as to the requirements of section 552 of this title—

(E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;

(F) courts martial and military commissions;

(G) military authority exercised in the field in time of war or in occupied territory; or

(H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; or sections 1622, 1884, 1891–1902, and former section 1641(b)(2), of title 50, appendix; . . .

[2] Brylawski, *The Copyright Office: A Constitutional Confrontation*, 44 Geo. Wash. L. Rev. 1, 14–15 n.15(a) (1975).

rights.[3] Section 47 of the Copyright Act of 1907, Pub. L. No. 60–349, 35 Stat. 1075, 1085, gave substantive statutory recognition to the "copyright office, Library of Congress," "under the control of the register of copyrights, who shall, under the direction and supervision of the Librarian of Congress, perform all the duties relating to the registration of copyrights." Section 48 of that Act provided for the appointment of a register of copyrights by the Librarian of Congress, and for the appointment by the Librarian of Congress of "such subordinate assistants to the register as may from time to time be authorized by law." 35 Stat. 1085.

The present law, the Copyright Act of 1976, Pub. L. No. 94–553, 90 Stat. 2541, follows this pattern. The pertinent section, 17 U.S.C. § 701(a), states:

> All administrative functions and duties under this title, except as otherwise specified, are the responsibility of the Register of Copyrights as director of the Copyright· Office of the Library of Congress. The Register of Copyrights, together with the subordinate officers and employees of the Copyright Office, shall be appointed by the Librarian of Congress, and shall act under the Librarian's general direction and supervision.

The 1976 provision thus continues the status of the Copyright Office and its employees as in the Library of Congress. The Copyright Office is referred to as the Copyright Office "of" the Library of Congress, and its staff, including the Register, are appointed by the Librarian of Congress and act under the Librarian's general direction and supervision. The explanation of §§ 701–710 of the Act in the Senate report (S. Rep. No. 94–473, at 153), stating that (apart from a matter not pertinent here), "these sections appear to present no problems of content or interpretation requiring comment here," indicates that no substantial change in the preexisting law was intended.

The Copyright Office thus is a part of the Library of Congress.[4] It has been firmly established that the Library of Congress, and consequently its subdivision the Copyright Office, are in the legislative and not in the executive branch of the government. Both are included in the Appropriation Acts for the legislative branch;[5] the Congressional Directory and United States Government Manual both list them as entities in the legislative branch. The latter points out that the Register of Copyrights is also Assistant Librarian for Copyright Services. Signifi-

---

[3] *See also* the Appropriation Act of April 17, 1900, 31 Stat. 86, 95.

[4] According to Library of Congress Regulation No. 210-1, the Copyright Office is a "department of the Library of Congress." In 39 Op. Att'y Gen. 429 (1940), the Attorney General observed that the Copyright Office "while within the Library of Congress, is a separate and distinct office." That statement, however, was made in the context of a separate appropriation for the Copyright Office which prevented the use of Library of Congress funds for Copyright Office purposes.

[5] *See, e.g.,* Legislative Branch Appropriation Act, 1979, 92 Stat. 784–785.

cantly, the laws relating to the Library of Congress are codified in Title 2 of the United States Code, which deals with Congress.

More specifically, the Act of October 13, 1977, 2 U.S.C. § 171 (Supp.), states that on April 24, 1800, the Congress "established for itself a Library of Congress." The Ethics in Government Act of 1978 which requires the filing of financial reports by officers and employees of the legislative branch states expressly that that branch includes, *inter alia,* the Library of Congress. 2 U.S.C. § 701(b), (e). Conversely, in several sections of Title 5, United States Code, Congress has specifically included the Library of Congress within the term "agency." *See* 5 U.S.C. § 3102 (readers for blind employees); § 5721 (travel and transportation expenses); § 5595 (severance pay); § 5596 (back pay for unjustified personnel action). It is plain that when Congress intended the Library of Congress to be an agency within the scope of Title 5 it expressed that intention by specific language. It did not do so for the purpose of the Privacy Act. The Copyright Office being a component of the Library of Congress, therefore, is not within the coverage of the Privacy Act.

The decision in *Eltra Corporation* v. *Ringer,* 579 F.2d 294 (D.C. Cir. 1978), does not lead to a contrary result. That case involved the question whether under the constitutional doctrine of the separation of powers the Copyright Office could be located in the legislative branch since the Register of Copyrights performed an executive function in administering the Copyright Act. The court did agree that the Register performed such a function; in that context it was irrelevant that the office of the Librarian of Congress was by statute codified as part of the legislative branch and had its funding included in the appropriation for the legislative branch. *Id.* at 301. The court, however, held that the Constitution did not prevent placing an officer performing executive functions in the legislative branch, if he had been appointed in accordance with the Appointments Clause of the Constitution, Art. II, § 2, cl. 2. The court opined that the clause had been complied with because the Librarian of Congress is appointed by the President by and with the advice and consent of the Senate, and the Register by the Librarian, the head of his department.

The conclusion of the court that the Register performs executive functions does not render the Privacy Act applicable to the Copyright Office. The Privacy Act, as we have shown above, applies by its very terms to agencies in the executive *branch,* not to agencies performing executive *functions.* Moreover, in contrast to the Appointments Clause, there is no constitutional requirement that the Privacy Act apply to all agencies performing executive functions. Congress has complete discretion to decide which agencies, whether executive or not, should be covered by that Act.

## II.

The conclusion we have reached above however, does not fully dispose of your inquiry. There remains a question concerning 17 U.S.C. § 701(d), providing that "all actions taken by the Register of Copyrights under this Title [i.e., Title 17, U.S. Code] are subject to the provisions of the Administrative Procedure Act . . ." of which the Privacy Act is a part. Does this mean that the activities by the Register of Copyrights related to personnel records of persons employed in the Copyright Office are "actions" under Title 17? Our answer is in the negative.

Under 17 U.S.C. § 701(a), the subordinate officers or employees of the Copyright Office are appointed not by the Register of Copyrights but by the Librarian of Congress. Accordingly they are employees of the Librarian, not of the Register of Copyrights. Pursuant to 2 U.S.C. § 136 the Librarian is authorized to make rules and regulations for the "government of the Library." The government of the Library plainly includes matters pertaining to the employment, direction, and general supervision of the personnel of the Library.

Pursuant to his authority under 5 U.S.C. § 302, the Librarian has delegated most of his personnel functions to the Director for Personnel, and some to the department heads, such as the Register. *See* Library of Congress Regulations 2011–4 and 2010–11.

Thus personnel actions taken by the Register are not taken by him in his capacity as Register under Title 17 but as Assistant Librarian for Copyright Services, a department head in the Library of Congress. Those functions, therefore, are carried out under Titles 2 and 5 of the United States Code.

Accordingly, personnel records of the employees in the Copyright Office are no more covered by the Privacy Act than the personnel records of other employees in the Library of Congress.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*